ALBANY,
October, 1823.

Lyon
v.
Munson.

Where a constable is sued for selling property on execution, and judgment is in his favor, he is entitled to double costs; Otherwise, where he is sued jointly with another and they plead jointly; tho' the judgment be in favor of both.

---

## LYON *against* MUNSON.

If a high-way, or any part of it, be not opened and worked within six years after the 19th March, 1813, it ceases to be a road ; though it had been opened and worked before that time, and within 6 years after it had been laid out.

ON certiorari to a Justice's Court. Debt in the Court below by Munson against Lyon, for the penalty imposed by

Accordingly, where a road had been laid out in 1798, and opened and worked within 6 years thereafter ; but a part of it had been fenced up, and the travel turned another way for six years after, and including, the 19th March, 1813 ; *held*, that the part thus fenced, ceased to be a road ;

And, consequently, that an action for the penalty of $5, within the 25th section of the act to regulate highways, would not lie for continuing the fence.

the 25th section of the ' *act to regulate highways,*' (2 R. L. 270,) for obstructing a public highway in Oxford, Chenango county. Plea the general issue. The cause was tried by jury, Sept. 28th, 1822. The plaintiff produced the town record by which it appeared that the road was duly laid out, on survey, in the year 1798, beginning at the town line between Oxford and Greene, and running to Oxford village. It appeared also, by the same record, that an alteration was made, June 24th, 1800, by two commissioners of highways, in a part of the road from one point to another sufficiently explicit, but without an actual survey, and the certificate of alteration concluded thus : " N. B. The road from the place of beginning round by old Mr. Warn's, is hereby make void." The part of the road thus discontinued is that on which the pretended obstruction was placed by the erection of a gate. William Betts, a witness on the part of the plaintiff, proved that the old road passed through the farms of the plaintiff, of the defendant, and of Warn. That there had been fences across it on all the farms for a number of years. He understood the old road was to be discontinued when the new one was laid. Samuel Garnsey, another witness, said there was nothing in the petition about discontinuing the old road ; that the north part of this road, at the defendant's, has had gates and bars, and the south part has had fences across it for 17 or 18 years. This witness did not understand that the old road was to have been discontinued. Abraham Hallenback testified, that when the new road was laid, he owned the farm now owned by the plaintiff. Before he put up the fences, he got the consent of his neighbours. The gates and bars were put up 3 or 4 years after the new road was laid. The old road has not been worked since the new one was laid. Verdict and judgment for the plaintiff.

*H. Vanderlyn,* for the plaintiff in error.

*J. Tracy & Thorp,* contra.

*Curia.* It is not necessary to inquire whether the act of the commissioners, in altering the old road, be valid within the provisions of the law under which they acted ; for, if it

ALBANY,
October, 1823.

was void, the 23d section of the act which was passed March 19, 1813, (2 R. L. 277,) is, in our opinion, decisive of the question. It enacts, "that if any public highway already laid out, or hereafter to be laid out, shall not be opened and worked within six years after the passing of this act, or from the time of its being so laid out, the same shall cease to be a public highway or road, for any use, intent or purpose whatsoever." It is said the road was opened and worked, within six years after it was laid out. But the act is prospective. It speaks in the future tense. It requires that the road *shall be* opened and worked, &c.—not, *shall have been* opened and worked, &c. The clause, "or from the time of its being so laid out," refers to those roads only, *to be laid out* subsequent to the time at which the act passed. The road in question has not been worked within six years from that time. We think, therefore, it had ceased to be a road; and, consequently, that the judgment was erroneous, and should be reversed.

Judgment reversed.